Dear Mr. Thompson:
We are in receipt of your opinion request, on behalf of the City of Baker, regarding the recovery of the costs associated with certain sewer improvements.
In your letter you advise that in connection with the improvement and widening of La. Hwy. 67, the City of Baker has undertaken the relocation and construction of certain sewer improvements. The cost of these improvements (or at least a portion thereof) was paid by the City of Baker over two years ago. The City is now desirous of recovering all or a portion of the cost associated with the improvements. You have therefor posed the following questions:
 (a) "May the City of Baker, using the method outlined in R.S. 33:3981, et seq., assess properties, benefited by the sewer improvements already constructed and paid, for all or a portion of the cost of those improvements?"
 (b) "Can the City of Baker use an impact or connection fee assessed only to the properties connecting to the sewer lines to accomplish the same purpose?"
 (c) "Is the City of Baker allowed to share the cost of such sewer improvements with the owners of the benefited properties by placing a cap or a limit on the amount which would be assessed to any one property, regardless of its front footage? (See R.S. 33:3996)."
With regard to question (a), we have reviewed R.S. 33:3981, et seq. As your letter indicates, those provisions provide a procedure for assessing properties benefited by sewer improvements, but those provisions contemplate that certain notices and actions be taken before sewer improvements are constructed. In this regard, we note that R.S. 33:3982
requires the adoption of a resolution by the governing authority of a sewer district giving notice of its intention to make sewer improvements, which notice must describe "the improvementscontemplated", and then the governing authority must hold a public hearing for the purpose of hearing and passing on any objections (emphasis added). Only after the public hearing (if a sufficient number of property owners do not object) may the improvements be constructed.
Based upon the foregoing, it is the opinion of this office that the City of Baker cannot use the method outlined in R.S. 33:3981, et seq. to impose assessments for existing sewer improvements.
Pertinent to your second question is Audubon InsuranceCompany v. Bernard, So.2d 1072 (La. 1983), which distinguished the imposition of charges or fees under a government's police power from a demand for money under its power to tax. In accordance with that decision, if the imposition of a charge or fee by government has not as its principal object the raising of revenue, but is merely incidental to the making of rules and regulations to promote public order, individual liberty and general welfare, it is an exercise of the police power. If, however, revenue is the primary purpose for an assessment and regulation is merely incidental, or if the imposition clearly and materially exceeds the cost of regulation or conferring special benefits upon those assessed, the imposition is a tax.
Audubon also recognizes that the imposition of taxes must be authorized by the Constitution. We note that La. Const. Art. VI, Sec. 30 authorizes political subdivisions to exercise the power to tax "under authority granted by the legislature" for local and public purposes. However, this office is unaware of any specific statutory provision which would authorize the imposition of an impact or connection fee such as you describe. Additionally, we note that although Art. VI, Sec. 32 authorizes the levy of special taxes "for the purpose of acquiring, constructing, improving, maintaining or operating any work of public improvement", that provision also requires the holding of an election to obtain the approval of the electorate. Your letter does not indicate that the City of Baker contemplates the holding of an election regarding the imposition of the charge in question.
In accordance with the Audubon decision and the constitutional provisions cited above, the City of Baker cannot use an "impact" or "connection fee" to recover all or a portion of the costs of the existing sewer improvements without the approval of the electorate. In our opinion, an impact or connection fee which has as its principal object the recovery of the expense of capital improvements such as sewer works and sewer lines must be considered a tax, as the charge would clearly exceed the cost of regulation. The City can, in our opinion, charge a fee which is reasonable and commensurate with the actual cost of any service rendered directly on behalf of a particular sewer service patron. By way of example, the City might charge for any pipes or equipment it must install for the benefit of a particular patron on the patron's property. The City might also, if it deems inspection necessary, charge an inspection fee that reflects the actual cost of conducting such inspections.
In light of our response to your first question, the City may not need an answer to your third question. However, we are interested in providing your client with a complete answer. As such, please be advised that it is our opinion that a city which imposes assessments in accordance with R.S. 33:3981, et seq. maynot place a cap or limit on the amount of such assessments. R.S. 33:3985 requires that the amount of costs charged to each lot or parcel shall be ". . . in the proportion that it bears to the total area to be assessed or in the proportion that its front footage bears to the total front footage to be assessed . . ." If a cap is placed on such assessments, the assessments would no longer be "proportionate" in accordance with R.S. 33:3985. Furthermore, although R.S.33:3996 authorizes sewerage districts to "participate" in the payment of the total cost of any project, the amount of such participation "shall be deducted from the total cost of the improvements". (Emphasis added)
We trust the foregoing adequately addresses the City of Baker's questions. Please do not hesitate to contact us if we can be of further assistance.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _________________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
DATE RECEIVED: NOV. 14, 1994
DATE RELEASED:
JEANNE-MARIE ZERINGUE BARHAM, ASSISTANT ATTORNEY GENERAL